UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LYNCOY REYNAUD | CIVIL ACTION |
| VERSUS | NO. 10-2176 |
| 29TH JUDICIAL DISTRICT COURT<br>FOR THE PARISH OF ST. CHARLES,<br>STATE OF LOUISIANA | SECTION "J"(4) |

### ORDER AND REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.     Factual and Procedural Background

The petitioner, Lyncoy Reynaud ("Reynaud"), is a convicted inmate incarcerated in the St. Charles Parish Jail, in Killona, Louisiana.[2] On March 9, 2005, Reynaud was charged by bill of

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. 1.

information in St. Charles Parish with two counts of possession with intent to distribute cocaine.[3] Pursuant to an agreement with the State, Reynaud entered a plea of guilty on September 22, 2005, to the amended charge of possession of cocaine, with a weapon's enhancement, and the second count of possession with intent to distribute was dismissed.[4] He was sentenced to serve five years in prison, which was suspended, and he was placed on active probation.[5]

On October 3, 2005, Reynaud's retained counsel filed a motion seeking to withdraw the guilty plea claiming that Reynaud was not fully aprised of the implications of the plea and that the the guilty plea form was deficient.[6] Reynaud also sent a letter to the Trial Court claiming his innocence.[7] The Trial Court denied the motion on the basis that the only relief available to Reynaud was post-conviction relief.[8]

On February 23, 2007, an attachment was issued charging Reynaud with failure to pay court costs. While that was pending, the Probation Officer, Michael Collins, sent a letter to the Court advising that he had not seen Reynaud since May 18, 2007, and that Reynaud moved without notifying him. The Court thereafter issued an arrest warrant for Reynaud for violation of the conditions of his probation.[9] Officer Collins filed a Petition for Cause on November 26, 2007, notifying the Court that Reynaud had begun making contact on a regular basis and that the warrant

---

[3]St. Rec. Vol. 1 of 1, Bill of Information, 3/9/05.

[4]St. Rec. Vol. 1 of 1, *Boykin* Transcript, 9/22/05; Guilty Plea and Sentence, 9/22/05.

[5]*Id.*; St. Rec. Vol. 1 of 1, Conditions of Probation, signed 2/2/06.

[6]St. Rec. Vol. 1 of 1, Motion to Withdraw Guilty Plea, 10/3/05.

[7]St. Rec. Vol. 1 of 1, Letter to Court, received 10/5/05.

[8]St. Rec. Vol. 1 of 1, Trial Court Order, 10/12/05; Trial Court Order (2), 10/12/05.

[9]St. Rec. Vol. 1 of 1, Arrest Warrant, 10/25/07.

previously issued could be recalled.[10]  The court ordered the October 25, 2007, warrant to be recalled.[11]

Fifteen months later, on January 12, 2009, Officer Collins sent a letter to the Trial Court advising that Reynaud had been arrested on December 16, 2008, for possession with intent to distribute cocaine.[12]  He also requested that a revocation hearing be set and Reynaud sent a subpoena.

Officer Collins, on January 28, 2009, filed a motion to revoke Reynaud's probation on three grounds in violation of the conditions of his probation:[13] (1) Reynaud had received the new criminal charge, which later was amended on April 28, 2009, to distribution of cocaine; (2) Reynaud was in arrears on his probation supervision fees in the amount of $190.00; and (3) Reynaud was consorting with the disreputable persons who supplied him with the cocaine related to the new charge.  The Trial Court revoked Reynaud's probation at a hearing held on May 7, 2009, and on May 13, 2009, entered an order sentencing him to serve the original five year sentence with credit for time served since February of 2005.[14]

---

[10]St. Rec. Vol. 1 of 1, Petition for Cause, 11/26/07.

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 11/20/07.

[12]St. Rec. Vol. 1 of 1, Letter to Court, dated 1/12/09.

[13]St. Rec. Vol. 1of 1, Motion to Revoke Probation, 1/28/09; *see also*, St. Rec. Vol. 1 of 1, Amendment to the Rule to Revoke Probation, 4/29/09.

[14]St. Rec. Vol. 1 of 1, Court Minutes, 5/7/09; Sentence of the Court, 5/13/09.

Because the revocation was not appealable,[15] Reynaud's counsel sought review of the revocation by writ application filed in the Louisiana Fifth Circuit Court of Appeal.[16] The Louisiana Fifth Circuit denied the application finding no abuse of discretion in the Trial Court's decision to revoke the probation.[17] On June 18, 2010, the Louisiana Supreme Court also denied without stated reasons the related writ application filed by counsel on Reynaud's behalf.[18]

## II.  Federal Petition

On July 7, 2010, the clerk of this Court filed Reynaud's federal petition for habeas corpus relief in which he raised two grounds for relief: (1) his was deemed to have violated his probation where there was no clear evidence that criminal activity occurred; and (2) the probation revocation hearing was initiated by the state trial court not the Department of Parole and Probation, and the probation officer testified that he was not aware of any allegation against the petitioner.

The State filed an answer and memorandum in opposition to Reynaud's petition alleging that Reynaud has failed to name an indispensable party, because the 29th Judicial District Court is not his custodian. The State further argues that the evidence presented at the revocation hearing showed that Reynaud sold cocaine on the date charged in his other case. The State further argues that

---

[15] Under Louisiana law, the revocation of probation is subject to review in the appellate court by an application for supervisory writs, not by appeal. La. Code Crim. P. art. 912; *State v. Williams*, 947 So.2d 47, 48 (La. App. 2d Cir. 2006).

[16] The State failed to provide a copy of this writ application. The filing date of June 8, 2009, appears on the face of the Court's order.

[17] St. Rec. Vol. 1 of 1, 5th Cir. Order, 09-KH-423, 6/26/09.

[18] The State failed to provide the Court with a copy of this writ application. *State v. Reynaud*, 38 So.3d 314 (La. 2010); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2009-KP-1731, 6/18/10; La. S. Ct. Letter, 2009-KP-1731, 7/28/09 (filed by counsel by hand 7/27/09). According to the attachments submitted with his federal petition, Reynaud submitted pro se a supplemental brief to the Louisiana Supreme Court, which was returned to him unfiled because the Court had already ruled. Rec. Doc. No. 1-1, p. 7-10 (Proposed Supplemental Brief, undated; Louisiana Supreme Court Central Staff Letter dated 6/21/10)

Reynaud's second claim also is factually baseless in that the probation officer filed the motion for the hearing on the revocation.

### III.  General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[19] applies to this petition, which is deemed filed in this Court no later than July 6, 2010.[20]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes, and the record supports, that Reynaud's petition was timely filed. The State also contends that the claims are exhausted, although it has failed to identify what claims were raised to the state appellate courts or, in spite of being ordered to do so, to provide the Court with the state appellate court records for this Court to confirm exhaustion. To whatever extent the claims

---

[19]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Reynaud's federal habeas petition on July 7, 2010, when the filing fee was received. Reynaud signed the petition on July 6, 2010.

are not exhausted, the Court can consider the merits since Reynaud is not entitled to relief.[21]  28 U.S.C. § 2254(b)(2).  The record also does not demonstrate that his claims are in procedural default.

## IV.     Improper Respondent

While there is no such procedural mechanism in federal court as an "exception," the State complains first that Reynaud has failed to name a proper custodian in his federal petition.  The State has not moved to dismiss the petition on this ground nor has the State moved for substitution of a proper party.

The United States Supreme Court has long settled that the definition of "proper respondent" for habeas corpus proceedings is the warden with immediate control over the prisoner.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885) and *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-495 (1973)); *see also*, Rule 2(a) of the Rules Governing Section 2254 Cases.  However, the failure to name the proper respondent is not generally a basis for dismissal of the petition; instead, this is a procedural defect which can be corrected by amendment.  *Flores v. Dretke*, 120 Fed. Appx. 537, 539 (5th Cir. 2005).  The habeas corpus statute also provides that the application for a writ of habeas corpus "may be amended or supplemented."  28 U.S.C. § 2242; *see also*, Fed. R. Civ. P. 25(d)(1) (addressing substitution of public officers).

When addressing habeas petitions, the Fifth Circuit has found that "a pro se plaintiff who has named the wrong defendant should be permitted to amend his pleadings if there is a potential ground for relief."  *Antonelli v. Lappin*, 134 Fed. Appx. 700, 701 (5th Cir. 2005) (citing *Gallegos v. La. Code of Crim. Proc. Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988)); *see also*, *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973)  ("Failure to name a proper respondent is a procedural rather than

---

[21]This is noted for the purpose of recognizing that Reynaud contends that his claims were raised in the supplemental writ application which was rejected and never filed by the Louisiana Supreme Court.

jurisdictional defect, and it may be corrected by amendment of the petition."), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975).  As of this writing, the Temporary Warden for the St. Charles Parish Jail, now known as the Nelson Coleman Correctional Center, is Captain Roland Ladreyt.

Although there are no merited grounds for relief in this petition, the undersigned will order Reynaud to amend his petition for the sole purpose of providing the name of the correct respondent as set forth herein.  Should Reynaud fail to comply with that order, the naming of an improper respondent would provide the District Court with an additional basis for the dismissal of his federal habeas petition for the reasons set forth above.

**V.     Standards of a Merits Review**

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be

given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *cf. Wright v. West*, 505 U.S. 277, 304 (1992). The court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *See, e.g., id.* at 305; *see also Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir. 2000), *cert. denied*, 531 U.S. 1002 (2000). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is

whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011).

### A. No Clear Evidence of Criminal Activity at the Revocation Hearing

Reynaud complains that there was less than clear evidence of criminal activity presented at his revocation hearing and that the probation office did not ask for the hearing. Reynaud's counsel challenged the revocation ruling in a writ application in the Louisiana Fifth Circuit. The Court held that the Trial Court had "wide discretion" to determine if a condition of the probation was violated and in imposing the appropriate punsishment.[22] The Louisiana Supreme Court denied Reynaud's subsequent writ applciation without stated reasons.

Reynaud has not cited to any federal issue or constitutional violation in the context of his revocation proceeding. To the extent he contends that the state courts' revocation adjudication was contrary to or an unreasonable interpretation of any state law such as that noted above, this contention is beyond the scope of habeas review. The United States Supreme Court has held that is it is not the province of a federal habeas court to reexamine state court determinations on state law questions. *See Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 861 (2011); *Estelle v. McGuire*, 502 U.S. 62 (1991). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court in reviewing violations of state law. *Cruz v. Johnson*, 159 F.3d 1355, 1998 WL

---

[22]St. Rec. Vol. 1 of 1, 5th Cir. Order, 09-KH-423, 6/26/09.

698921, at * 2 (5th Cir. Sep. 15, 1998) (Table, Text in Westlaw) (citing *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) and *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir.1986)).

For federal habeas review, Reynaud must allege a violation of federal law or his federal constitutional rights. He has not done so. Even under a broad reading, and assuming that he challenges the sufficiency of the evidence on due process grounds, his claims are without merit.

The United States Supreme Court jurisprudence extends limited due process protection to a probationer in the revocation process, which is considered an informal, flexible proceeding, and not a stage of criminal prosecution. *Morrissey v. Brewer,* 408 U.S. 471 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778 (1973); *Pennsylvania Bd. of Probation and Parole v. Scott,* 524 U.S. 357 (1998). As such, the probationer is not provided "the full panoply" of the constitutional rights afforded to a defendant in a criminal proceeding. *Morrissey*, 408 U.S. at 480. The Supreme Court emphasized that the final revocation hearing is not equated to a criminal prosecution, and the revocation inquiry is narrow and should be flexible enough to consider evidence of letters, affidavits, and other materials that would not be admissible in an adversarial criminal trial. *Morrissey*, 408 U.S. at 489.

The Supreme Court held due process would provide a probationer with a revocation hearing at which he may be entitled to the following: (1) written notice of the violations charged; (2) disclosure of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses unless there is good cause for disallowing such confrontation; (5) a neutral and detached factfinder; and (6) a written statement by the factfinder identifying the evidence and reasons supporting the

revocation decision. *Id*., 480 U.S. at 489; *see also*, *Meza v. Livingston*, 607 F.3d 392, 404 (5th Cir. 2010); *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999).

In this case, the decision to revoke Reynaud's probation satisfied the requirements of due process. He was provided with a revocation hearing. He was provided notice and an opportunity to challenge the revocation and the evidence at the hearing. The Court's ruling was also recorded in the minutes. Thus, without more, the record indicates that Reynaud received the basic protections owed to him during the proceedings.

Further, to the extent that petitioner is contending that there was insufficient evidence for the state trial court to revoke his probation, that contention has no merit. Under Louisiana law, the trial court may revoke probation if, after an informal and summary hearing, it determines that the defendant did or was about to violate his probation through the commission of an offense or otherwise. La. Code Crim. P. art. 900; *State v. Michael*, 891 So.2d 109, 112-13 (La. App. 2d Cir. 2005). As noted by the Louisiana Fifth Circuit, the trial judge has wide discretion in determining when a condition of probation is violated. *State v. Sussmann,* 374 So.2d 1256 (La. 1979).

Under Louisiana law, proof of an arrest alone, without any evidence of the conduct that led to arrest, does not suffice to revoke probation. *State v. Michael*, 891 So.2d at 112 (citing *State ex rel. Smith v. Louisiana,* 885 So.2d 512 (La. 2004)). At a hearing to revoke probation concerning a defendant's commission of another offense, the state is required to prove that the defendant committed or was convicted of a felony or misdemeanor offense. La. Code Crim. P. art. 901; *State v. Michael*, 891 So.2d at 112 (citing *State v. Harris*, 368 So.2d 1066 (La. 1979)).

On federal habeas review, however, where a petitioner challenges the sufficiency of the evidence to support a probation revocation, the federal court need "inquire only whether there is

11

*some* evidence to support the revocation decision." *Moore v. Hargett*, No. 94-80844, 1995 WL 450256 (5th Cir. July 7, 1995) (emphasis added); *Callahan v. Quarterman*, No. 3-07-CV-0746-B, 2008 WL 2123748, at *2 (N.D. Tex. May 19, 2008); *Williams v. Director*, TDCJ-CID, No. 07cv67, 2007 WL 2408529, at *5 (E.D. Tex. Aug. 21, 2007).

According to the state trial court's minutes, the State through the testimony of the probation officer and sheriff's deputies, presented a copy of the grand jury indictment from Reynaud's 2008 drug case, along with the arrest warrant and related drug analysis report.[23]  A witness, Brandy Johnson, was called to identify Reynaud and photographs in connection with the charges.  A video of the drug transaction was also played for the Court.

Based on the record, at the hearing held on May 7, 2009,[24] where Reynaud was represented by counsel, the State produced significant evidence to establish that Reynaud had committed the 2008 cocaine transaction for which he was indicted during his probation period.  This was more than sufficient to establish a basis to revoke his probation.  He has not demonstrated that his revocation was contrary to, or an unreasonable application, of any federal law.  He is not entitled to habeas relief.

>    B.    **<u>Improper Initiation of the Revocation Process</u>**

Reynaud argues that the revocation process was improperly triggered by the state trial court instead of the probation officer or the Louisiana Department of Probation and Parole.  Reynaud indicates in the petition that this claim was never considered by the state courts.  He claims that it was raised in the proposed supplemental writ application which was rejected by the Louisiana

---

[23]St. Rec. Vol. 1 of 1, Court Minutes (3 pages), 5/7/09.

[24]Although Reynaud mentions an April 20, 2009, revocation hearing, the record does not indicate that any hearing was held in the underlying case on that date.

Supreme Court as untimely. Consequently, there is no state court ruling to which this Court can refer or give deference.[25]

Even under a broad reading, Reynaud has again failed to allege a constitutional basis for this claim. As discussed thoroughly above, this Court can only sit to review violations of federal law or the Constitution. *See Swarthout*, 131 S. Ct. at 861. His claim appears to be solely based on the alleged improper initiation of the hearing process. That appears to be a matter of state procedural law and not a proper basis for federal habeas review.

Nevertheless, this Court's review of the record reveals that Reynaud's claim is without factual basis or support in the record. Instead, the state court record shows, as outlined fully in the procedural history, that on September 12, 2009, Probation Officer Michael Collins sent a letter to the state trial court notifying the Court that Reynaud had been arrested for possession with intent to distribute cocaine.[26] In that same letter, Officer Collins specifically requested that the Court "schedule a revocation hearing" to which Reynaud would be subpoenaed.[27] This notification and request appears to have been appropriate under Louisiana's revocation framework. *See* La. Code Crim. P. arts. 899, 900.

In addition, on January 28, 2009, Officer Collins also filed the motion to revoke Reynaud's probation citing the three alleged violations of the conditions of his probation, including reference

---

[25] AEDPA's deferential standard of review applies only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d). With respect to claims that are not adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply. *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003). Instead, the federal courts review those claims under the pre-AEDPA *de novo* standards of review. *Id*., at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying *de novo* standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *see also*, *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

[26] St. Rec. Vol. 1 of 1, Letter to Court, dated 1/12/09.

[27] *Id*.

13

to the new criminal activity.[28] The motion was set for hearing, and after the motion was amended by the State, the Trial Court held the May 7, 2009, revocation hearing.[29]  As discussed above, Reynaud received the necessary due process protections in and through that hearing process.

Clearly, Officer Collins requested the revocation hearing and Reynaud's claim here is without factual basis in the record.  Without some indication that this or any part of the proceeding violated a specific federal constitutional right, Reynaud has failed to present a federal habeas claim arising from the setting of his revocation hearing.  For these reasons, he is not entitled to relief on this claim.

## VI.    Order and Recommendation

**IT IS ORDERED** that the petitioner, Lyncoy Reynaud, file an amended petition within fourteen days of the receipt of this Order and Report and Recommendation for the sole purpose of naming the warden of his current prison facility as the proper respondent.

For the foregoing reasons, it is **RECOMMENDED** that Lyncoy Reynaud's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[28]St. Rec. Vol. 1of 1, Motion to Revoke Probation, 1/28/09; *see also*, St. Rec. Vol. 1 of 1, Amendment to the Rule to Revoke Probation, 4/29/09.

[29]St. Rec. Vol. 1 of 1, Court Minutes, 5/7/09 (see also entries dated 1/23/09, 2/10/09); Sentence of the Court, 5/13/09.

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 31st day of May, 2011.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.